UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| AMY L. FLETCHER | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | NO. 4:10-CV-33 |
| | ) | MATTICE/CARTER |
| MICHAEL J. ASTRUE | ) | |
| Commissioner of Social Security | ) | |
|     Defendant | ) | |

<u>REPORT AND RECOMMENDATION</u>

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure for a Report and Recommendation regarding the disposition of the plaintiff's Motion for Judgment on the Pleadings (Doc. 11) and defendant's Motion for Summary Judgment (Doc. 15).

This action was instituted pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying the plaintiff a period of disability and disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 416(i) and 423.

For reasons that follow, I RECOMMEND the decision of the Commissioner be AFFIRMED.

<u>Plaintiff's Age, Education, and Past Work Experience</u>

The Plaintiff was age forty-eight on her alleged onset date and age fifty-one at the time of the ALJ hearing. She has a GED and all of her past relevant work has been performed at an unskilled light and medium level. (Tr. 32-33).

1

<u>Claim for Benefits</u>

Plaintiff filed the current claim at issue in this litigation for disability insurance benefits ("DIB") under Title II of the Act on June 7, 2007, alleging disability beginning November 2, 2002 (Tr. 10). Her claim was denied initially and upon reconsideration, and prior to a hearing, her attorney amended her alleged onset date to August 19, 2006 (Tr. 10, 199). A hearing was held on May 26, 2009, before ALJ Ronald Feibus, who issued the Commissioner's final decision on September 9, 2009, finding Plaintiff was not disabled (Tr. 7-19). The ALJ found Plaintiff retained the residual functional capacity to perform work at the light exertional level with the following limitations: A sit/stand option for comfort, no requirement of constant use of her hands, and a limit to simple, unskilled mental tasks (Tr. 14). While the ALJ concluded Plaintiff would be unable to perform her past relevant work, there were a significant number of jobs in the regional economy Plaintiff could perform including occupations such as office clerk (2,906 positions), administrative support worker (1,056 positions), as well as receptionist and information clerk (1,300 positions regionally) (Tr. 18). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner (Tr. 1-3).

<u>Standard of Review - Findings of the ALJ</u>

To establish disability under the Social Security Act, a claimant must establish he/she is unable to engage in any substantial gainful activity due to the existence of "a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20

C.F.R. § 404.1520. The following five issues are addressed in order: (1) if the claimant is engaging in substantial gainful activity he/she is not disabled; (2) if the claimant does not have a severe impairment he/she is not disabled; (3) if the claimant's impairment meets or equals a listed impairment he/she is disabled; (4) if the claimant is capable of returning to work he/she has done in the past he/she is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy he/she is not disabled. *Id.* If the ALJ makes a dispositive finding at any step, the inquiry ends without proceeding to the next step. 20 C.F.R. § 404.1520; *Skinner v. Secretary of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990).

Once, however, the claimant makes a prima facie case that he/she cannot return to his/her former occupation, the burden shifts to the Commissioner to show that there is work in the national economy which he/she can perform considering his/her age, education and work experience. *Richardson v. Secretary, Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review by this Court is whether the findings of the Commissioner are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 28 L. Ed. 2d 842, 92 S. Ct. 1420 (1971); *Landsaw v. Secretary, Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Even if there is evidence on the other side, if there is evidence to support the Commissioner's findings they must be affirmed. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative

decision makers. It presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Secretary, Health and Human Servs.*, 790 F.2d 450 n. 4 (6th Cir. 1986).

After considering the entire record, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2009.

2. The claimant has not engaged in substantial gainful activity since August 19, 2006, the amended alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: disorder of the spine; hepatitis C; bilateral carpal tunnel syndrome (CTS); and depression (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except that she should have a sit/stand option for comfort, and she is limited to simple, unskilled mental tasks. She should not be required to use her hands constantly.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on March 28, 1958 and was 48 years old, which is defined as a younger individual age 18-49, on the amended alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age. (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work was unskilled (20 CFR 404.1568).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from August 19, 2006 through the date of this decision (20 CFR 404.1520(g)).

(Tr. 13-18).

## Issue Raised

Plaintiff argues the ALJ failed to inquire on record whether or not the vocational expert's testimony was consistent with the Dictionary of Occupational Titles ("DOT").

## Relevant Facts and Analysis

Plaintiff points to Social Security Ruling 00-4p which clarifies the standards for the use of vocational experts and discusses the circumstances when the occupational evidence provided by a VE is inconsistent with the DOT. This Ruling states in relevant part:

> Resolving Conflicts in Occupational Information
> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

SSR 00-4p also therefore requires that if an inconsistency does exist between the vocational experts' testimony and the DOT, the ALJ has to elicit a reasonable explanation for the conflict before relying on the VE's testimony, **when there is an apparent unresolved conflict between the VE and the DOT** (emphasis added).

Here, the ALJ never asked the VE whether or not his testimony was consistent with the DOT as SSR 00-4p requires him to. Plaintiff argues the ALJ's reliance on the VE testimony was

5

therefore not appropriate. Plaintiff asserts "it is certainly possible that the limitations imposed by the ALJ, especially with respect to the sit/stand option, are inconsistent with the DOT".

The Commissioner contends the fact that the ALJ did not specifically end the hearing by asking if there was consistency between the VE's testimony and the DOT was harmless error (Doc 16, Defendant's Memorandum, p. 6). The Commissioner argues any error was harmless because there was no inconsistency between the VE's testimony and the DOT. Therefore there was no requirement of any inquiry by the ALJ.

First, the Commissioner notes there is no conflict in light of the fact that the DOT does not address the issue of sit/stand options. See Zblewski v. Astrue, 302 Fed. Appx. 488, 494 (7th Cir. 2008) ("Because the DOT does not address the subject of sit/stand options, it is not apparent that the testimony conflicts with the DOT."); see also Baranich v. Barnhart, 128 F. App'x 481, 486 n.3 (6th Cir. 2005) ("Baranich is therefore incorrect to argue that the ALJ could not include a sit-stand option when such an option is not indicated in the DOT, as the DOT is only one source to be used in assessing the availability of jobs for the claimant.").

Next the Commissioner argues Plaintiff's assertion that there is any inconsistency between the VE's testimony and the DOT is factually incorrect. The VE testified that the following entry-level positions met the ALJ's specification: "office clerks, general, light," "administrative support workers, light;" and "receptionist and information clerks, light" (Tr. 35). These positions, as described by the VE, are consistent with the DOT and with Plaintiff's residual functional capacity. A general office clerk position is semi-skilled work (having a Specific Vocational Preparation of 3) that requires only frequent fingering and handling (defined as 1/3 to 2/3 of the day), but does not necessitate constant use of hands. See DICOT

209.562-010, Clerk, General, 1991 WL 671792.  An Information Clerk is unskilled work (having a Specific Vocational Preparation of 2), and requires frequent handling and only occasional fingering (defined as less than 1/3 of the day).  See DICOT 237.367-018, Information Clerk, 1991 WL 672187.  Thus, the premise of Plaintiff's argument, that the ALJ could not rely on the VE's testimony since it "may" be inconsistent with the DOT, is not supported.  I conclude the VE's testimony was not at odds with the DOT. Plaintiff offers no evidence to show it is.  Plaintiff's unsupported assertion that "It is certainly possible that the limitations imposed by the ALJ are inconsistent with the DOT is not cause for reversal.  I agree with the Commissioner that there was no unresolved conflict, let alone a clearly obvious or "apparent" one.[1]  Any error was therefore harmless.

Further, in *Barker v. Shalala,* 40F.3d 789 (6th Cir.1994) (Martin, Nelson, Daughtrey) (per curiam) the Sixth Circuit held that while the ALJ may take judicial notice of the classification in the Dictionary, the ALJ may accept testimony of a vocational expert that is different from information in the *Dictionary of Occupational Titles.*  This was also the position of the Court in an unpublished opinion, *Basinger v. Secretary of Health and Human Servs.,* 33 F.3d 54 (6th Cir.1994) (Boggs, Guy, Contie), where the Court stated the ALJ may rely on the testimony of the vocational expert even if it is inconsistent with the job descriptions set forth in the *Dictionary.*

Even without the holdings of these two opinions, the ALJ was within his rights to rely solely on the vocational expert's testimony. The social security regulations do not require the

---

[1] *Even if the VE's testimony were not fully consistent with the DOT,* SSR 00-4p makes it clear that in the event of a conflict, the DOT does not "automatically 'trump'" the VE testimony. SSR 00-4p, 2000 WL 1898704 at *2 (S.S.A). Rather, it is then the ALJ's job to resolve the conflict and explain how he is doing so and why. Id.

7

Secretary or the expert to rely on classifications in the *Dictionary of Occupational Titles*. 20 C.F.R. § 404.1566(d).

Finally, I note the issue was not raised by Plaintiff in the hearing. Plaintiff was represented by counsel and the VE was subject to cross examination. It is true that the ALJ did not ask if there was a conflict between the VE's testimony and the DOT but because I do not conclude there was an apparent unresolved conflict, no explanation of this "conflict" was required. The Plaintiff was represented by Counsel and the issue was not raised by Plaintiff at the hearing. If Plaintiff thought there was such a conflict there was nothing to prevent him from exploring that issue. Under these circumstances, I conclude neither remand or reversal is required or called for.

Conclusion

For the reasons stated herein, I conclude there is substantial evidence to support the conclusion of the ALJ and I therefore RECOMMEND the Commissioner's decision be AFFIRMED.

I further RECOMMEND defendant's Motion for Summary Judgment (Doc. 15) be GRANTED, and plaintiff's Motion for Judgment on the Pleadings (Doc. 11) be DENIED.[2]

s/William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).